# In the United States Court of Federal Claims

No. 24-805 T

(Filed: January 8, 2025)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
WENDY E. HAYDON                    *
                                   *
              Plaintiff,           *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

*Wendy E. Haydon*, *pro se*, of Altstrimmig, Germany.

*Tanner Stromsnes*, Trial Attorney, Court of Federal Claims Section, Tax Division, Department of Justice, with whom were, *David A. Hubbert*, Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, all of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

On May 20, 2024, Plaintiff Wendy Haydon, proceeding *pro se*, filed a complaint in this Court for a refund of an alleged overpayment for the 2016 tax year. ECF No. 1. Plaintiff alleges that she was subject to double taxation from the United States and Germany on her income in 2016. *Id.* In response to Plaintiff's complaint, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC"). ECF No. 9. For the reasons that follow, the government's motion to dismiss is **GRANTED**.

### BACKGROUND

Plaintiff, a United States citizen residing in Germany, filed this action on May 20, 2024, seeking a refund for her alleged overpayment of taxes for the 2016 tax year. *See generally* ECF No. 1. Plaintiff requested two refunds for tax year 2016 based on Germany's assessment of taxes on her United States-sourced income. *Id.* at 3–4. First, Plaintiff requested and received a tax refund in 2022 based on a foreign tax credit for taxes paid to Germany. *Id.* at 3. This refund is not at issue. *Id.* The IRS deemed this request timely because it was subject to a "longer, ten-

year limitations period[,] . . . which applies to foreign tax credits . . . ." ECF No. 11. at 1. Second, and at issue here, is Plaintiff's claim that she is owed a refund of $3,821.55 for the 2016 tax year because she was subject to taxation from both the United States and Germany on her income. ECF No. 1 at 3 ("I am not supposed to be paying double taxes, per the Tax Treaty between the [United States] and Germany."); *see also* ECF No. 10 at 2.

Although Plaintiff concedes that her claim is untimely, she asserts that the Court should nevertheless allow this case to proceed because "[she] could [not] meet those deadlines because Germany first notified [her] of [her] German tax liability in April 2021."[1] ECF No. 1 at 4. Plaintiff contends that the United States erred by "wait[ing] until 2021 to inform Germany of 2016 income," which "made it impossible for [her] to meet the IRS'[s] and Tax Treaty's refund submittal deadlines." *Id*. at 3. Plaintiff asserts that she is "being penalized because the [United States] failed to notify Germany of [her] 2016 income on a timely basis." *Id*. at 4. In support of her claim, Plaintiff alleges that under the German tax system, she is issued a tax bill with a payment deadline and had no reason to pay "any amount (taxes or other) before [she] received an invoice informing [her] of the amount that [she] owe[s]." ECF No. 12 at 1. Thus, Plaintiff claims that she could not timely request her tax refund because she only received her German tax bill, nearly five years later, in 2021. ECF No. 1 at 4.

The government filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). *See generally* ECF No. 9. The government asserts that Plaintiff's refund claim is untimely under both the deadline in 26 U.S.C. § 6511 and the later deadline in the current U.S.-German tax treaty, depriving the Court of jurisdiction to hear this case. ECF No. 9 at 2 ("For this Court to exercise jurisdiction over a plaintiff's federal tax refund claim, a plaintiff 'must first satisfy the tax refund schematic detailed in Title 26 of the Internal Revenue Code, which establishes . . . strict deadlines for filing such claims.'" (quoting *Polk v. United States*, 167 Fed. Cl. 731, 739 (2023))). Under the treaty's deadline, the government argues, "Plaintiff's refund claim was due by December 31, 2020, at the latest, and plaintiff did not file a refund claim until nearly a year after that date, on December 29, 2021." *Id*. at 3; *see also* Convention Between the United States of America and the Federal Republic of Germany for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital and to Certain Other Taxes, Ger.-U.S., art. 29, Aug. 29, 1989, T.I.A.S. No. 91-821 ("Tax Treaty"). Regardless of whether the § 6511 deadline or the treaty deadline applies to Plaintiff's claim, the government contends that Plaintiff's untimely claim cannot be equitably tolled to cure this jurisdictional defect. ECF No. 9 at 2 ("[T]he restrictions set forth in § 6511 for filing tax refund claims cannot be tolled for equitable reasons" (quoting *Boeri v. United States*, 724 F.3d 1367, 1371 n.3 (Fed. Cir. 2013))); *id*. at 3 ("[T]here is no general presumption that equitable tolling applies to treaties." (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 11 (2014))). Moreover, the government noted that "[P]laintiff has not identified any basis for equitable tolling" and that Plaintiff, "as a German resident, . . . had the burden of declaring (and paying taxes on) her U.S.-source income to Germany." *Id*. at 3.

---

[1] Under 26 U.S.C. § 6511, Plaintiff's refund claim was due March 30, 2020. *See* ECF No. 9 at 1, n.1. Under the Tax Treaty, Plaintiff's refund claim was due on December 31, 2020. *See id.* at 1, ECF No. 1 at 4. As will be explained, Plaintiff's complaint was filed after both deadlines.

In response, Plaintiff identifies two new grounds for finding her claim timely. First, Plaintiff argues that the longer, ten-year deadline for foreign tax credits under 26 U.S.C. § 6511(d)(3) should apply to her claim. ECF No. 10 at 2. Second, Plaintiff asserts that her untimely December 2021 claim was an amendment of her timely August 2021 claim; therefore, her December 2021 claim should be considered timely. *Id*.

The government noted that Plaintiff had claimed and received a refund for her August 2021 claim involving a foreign tax credit, which under 26 U.S.C. § 6511(d)(3), allows for a ten-year limitations period. ECF No. 11 at 1–2. However, the claim at issue here is "based on[] reducing [Plaintiff's] declared U.S.-source income (on interest, dividends, and pension) for tax year 2016, as she alleges that Germany has the sole right to tax her interest and pension income." *Id*. at 2. Consequently, according to the government, the longer, ten-year limitation does not apply to this claim because it does not concern a foreign tax credit, and "[a]t the latest [P]laintiff's claim was due by the deadline provided for in the U.S.-German Tax Treaty— December 31, 2020." *Id*. at 3. Moreover, even if Plaintiff's claim related back to her August 2021 claim, it would still be after December 31, 2020, the deadline under the Tax Treaty because § 6511(d)(3) does not apply to her later refund request. *Id*.

## DISCUSSION

### A.   Legal Standard

In accordance with RCFC 12(b)(1), this Court must dismiss any claim that does not fall within its subject matter jurisdiction. *See also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all undisputed factual allegations made by the non-moving party and draw all reasonable inferences in the light most favorable to that party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) ("In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.").

The U.S. Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, though, "does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to establish jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*.

In a tax refund suit, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government . . . in the United States Court

of Federal Claims." *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *see also Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018) ("The Tucker Act waives sovereign immunity for lawsuits seeking tax refunds, but only when the jurisdictional requirements in the Tax Code for bringing such suits are met"). But for this Court to exercise jurisdiction over a tax refund claim, a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue Code,] . . . [which] provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim." *Clintwood Elkhorn Min. Co.*, 553 U.S. at 4.

"[U]nless a claim for a refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for a refund . . . may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990). Under 26 U.S.C. § 6511, to receive "'a refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a refund,' a refund claim must be filed no later than '3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later.'" *Clintwood Elkhorn Min. Co.*, 553 U.S. at 5 (quoting 26 U.S.C. § 6511(a)). "[F]ailure to file with the IRS within the prescribed time deprives the court of 'jurisdiction over [the] suit for refund.'" *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (second alteration in original) (quoting *Dalm*, 494 U.S. at 608–10). Furthermore, "the restrictions set forth in § 6511 for filing tax refund claims cannot be tolled for equitable reasons." *Boeri v. United States*, 724 F.3d 1367, 1371 n.3 (Fed. Cir. 2013) (citing *United States v. Brockamp*, 519 U.S. 347, 348 (1997)).

Under 28 U.S.C. § 1502, the Court generally does "not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." However, in tax refund claims, "I.R.C. § 7422(f)(1) expressly provides an exception to the jurisdictional bar on treaty-based claims 'by Act of Congress.'" *Christensen v. United States*, 168 Fed. Cl. 263, 297 (2023) (quoting 28 U.S.C. § 1502). Thus, 26 U.S.C. § 7422(f)(1) grants the Court jurisdiction to hear tax refund suits, even when they are based in part on a treaty. *Id.* at 296–97. The jurisdictional bar imposed by 28 U.S.C. § 1502 applies only when a "case[] rel[ies] so heavily on a treaty that, but for the treaty, the plaintiff's claim would not exist." *Wood v. United States*, 961 F.2d 195, 199 (Fed. Cir. 1992). Claims brought under treaties are generally not subject to equitable tolling absent a showing that the "principle of equitable tolling [] is shared by the signatories . . ." to the treaty. *Lozano*, 572 U.S. at 12.

Finally, although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citations omitted). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**B.     Analysis**

The Court must dismiss Plaintiff's claim because it is not within the Court's subject matter jurisdiction. To begin with, as Plaintiff concedes, her claim is untimely under the

limitations period imposed by both 26 U.S.C. § 6511 and the Tax Treaty. ECF No. 1 at 4 ("I missed both of those deadlines for the request for $3821.55"). Furthermore, Plaintiff's argument that her refund request is subject to the ten-year foreign tax credit limitations period or, in the alternative, that her current claim is a timely amendment to her foreign tax credit claim, cannot revive her untimely claim. The Court addresses the parties' arguments in turn below.

Plaintiff's claim is untimely under the statute of limitations imposed by 26 U.S.C. § 6511. Recall, § 6511 provides that "a refund claim must be filed no later than '3 years from the time the return was filed or 2 years from the time the tax was paid, whichever such period expires later.'" *Clintwood Elkhorn Min. Co.*, 533 U.S. at 4 (quoting 26 U.S.C. § 6511(a)). Plaintiff filed her return on March 30, 2017. ECF No. 1 at 3. Thus, under § 6511, her refund claim was due no later than March 30, 2020, and Plaintiff filed her refund claim over a year after that date, on December 29, 2021. *Id*. Thus, Plaintiff plainly failed to satisfy this limitations period.

Furthermore, Plaintiff's claim is not subject to equitable tolling despite her assertion that it was impossible to file her claim within the limitations period. As the Supreme Court has squarely held, "Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations." *Brockamp*, 519 U.S. at 354. Therefore, whatever the merits to Plaintiff's arguments attempting to excuse the tardiness of her claim may be, this Court is deprived jurisdiction over a tax refund claim when a taxpayer files the claim outside the limitations period.

Alternatively, even under the terms of the Tax Treaty, Plaintiff's claim is beyond the limitations period. Under the Tax Treaty, Plaintiff's claim was due no later than December 31, 2020, but she filed her claim on December 29, 2021. Tax Treaty, art. 29; ECF No. 1 at 3. As a general matter, claims brought under treaties are not subject to equitable tolling. *Lozano*, 572 U.S. at 11–12. As the Supreme Court has explained,

> there is no general presumption that equitable tolling applies to treaties. Congress is presumed to incorporate equitable tolling into federal statutes of limitations because equitable tolling is part of the established backdrop of American law. It does not follow, however, that we can export such background principles of United States law to contexts outside their jurisprudential home.
>
> It is particularly inappropriate to deploy this background principle of American law automatically when interpreting a treaty.

*Id.* (citations omitted). Plaintiff has not done anything to attempt to meet her burden of convincing the Court that it should depart from this presumption with regard to the Tax Treaty.

Neither can Plaintiff avail herself of the longer, ten-year limitations period allowed under § 6511(d)(3) for foreign tax credits. As the government asserts, Plaintiff already requested and received a refund based on her payment of German taxes in tax year 2016. ECF No. 11 at 1–2. Plaintiff's current claim is not based on a foreign tax credit. ECF No. 10 at 2; ECF No. 11 at 2. Rather, her claim is based on reducing her U.S.-sourced income on interest, dividends, and pension because the German government taxed this income in 2021. ECF No. 11 at 2 While the Tax Treaty allows for only one contracting state to tax certain incomes, it does not provide for a

5

tax credit in these situations. *See* Tax Treaty, arts. 11, 18, 19. Moreover, Plaintiff's refund request does not appear to claim a tax credit for the taxes paid to Germany. ECF No. 11 at 2. Consequently, the ten-year limitations period afforded by § 6511(d)(3) does not apply to Plaintiff's claim because her claim does not relate to a foreign tax credit.

Similarly, Plaintiff cannot argue that her December 2021 claim should be considered timely because it was an amendment of her August 2021 claim. Plaintiff's August 2021 claim was timely only because it related to a foreign tax credit subject to the § 6511(d)(3) ten-year limitations period. As mentioned, Plaintiff's current claim does not relate to a foreign tax credit. Thus, Plaintiff cannot circumvent the limitation period set by § 6511 or the Tax Treaty by simply asserting that her untimely claim relates to her timely one when they constitute two separate claims with two different limitations periods. Furthermore, as the government notes, "[e]ven assuming [P]laintiff's December 2021 claim related back to her August 2021 claim, August 2021 is still after December 31, 2020, and thus her claim would still be untimely." ECF No. 11 at 3.

Regardless of whether Plaintiff's claims are subject to the statute of limitations under § 6511 or the Tax Treaty, and regardless of whether Plaintiff's instant claim relates back to her timely claim, Plaintiff's claim is untimely. Accordingly, the Court is compelled to dismiss Plaintiffs' complaint because it does not have subject matter jurisdiction over her claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge